IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SYLVIA ROLLINS,

              Plaintiff,                                  2:11-CV-3056-SU

          v.                                       FINDINGS AND
                                           RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

SULLIVAN, Magistrate Judge:

      Sylvia Rollins ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"),

42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner.  The

Commissioner denied plaintiff's applications for Title II disability insurance benefits ("DIB") and

Title XVI supplemental security income ("SSI") under the Act. For the reasons set forth below, the

Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

1 - FINDINGS AND RECOMMENDATION

## PROCEDURAL BACKGROUND

On May 21, 2007, plaintiff protectively filed an application for DIB and SSI. Tr. 9, 160. After the application was denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Tr. 109. On April 10, 2009, an ALJ hearing was held before the Honorable John Madden Jr. Tr. 27-69. On January 21, 2010, a second hearing was held before ALJ Madden. Tr. 70-82. On February 4, 2010, ALJ Madden issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 20. After the Appeals Council declined to review the ALJ's decision, plaintiff filed a complaint in this Court. Tr. 1-3.

## FACTUAL BACKGROUND

Plaintiff was 39 years old on the alleged onset date of disability and 41 years old at the time of the hearing. Tr. 18, 35. She has a General Education Diploma and attended two years of college, but did not earn a degree. Tr. 35. Plaintiff has past relevant work as a caregiver, certified nurse assistant, and spray painter. Tr. 18, 177. She alleges disability beginning on May 4, 2007, due to a cervical spinal fracture caused by a fall, which resulted in constant pain, paralysis, and tingling in the extremities. Tr. 14, 33-34, 176. She also alleges disability due to asthma, major depressive disorder, post-traumatic stress disorder ("PTSD"), and panic disorder. Tr. 14, 176.

A vocational expert ("VE") testified at the hearing. Tr. 74-81. The VE opined that there were sedentary jobs available in the local and national economy which plaintiff could perform based on the limitations set forth in the residual functional capacity assessment ("RFC"), such as information clerk and customer order clerk. Tr. 77.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or denial, [a court] may not substitute [its] judgments for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-1; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-1; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can perform past relevant work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

At step five, the Commissioner must establish that the claimant can perform other work despite the disability. *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  If the Commissioner meets this burden and proves that the claimant is able to perform other work existing in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### I. The ALJ'S Findings

At step one of the five-step sequential process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 11, Finding 2.  This finding is not in dispute.  At step two, the ALJ determined that plaintiff had the following severe impairments: cervical spine fracture with fusion; asthma; major depressive disorder in partial

remission; PTSD, mild; and panic disorder without agoraphobia. Tr. 12, Finding 3.  At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment.  Tr. 12, Finding 4.

As plaintiff's impairments did not establish disability at step three, the ALJ went on to evaluate how plaintiff's impairments affected her ability to work.  The ALJ determined that plaintiff had the residual functional capacity (RFC) to: lift ten pounds occasionally and less than ten pounds frequently; stand/walk two hours in an eight hour workday; sit at least six hours in an eight hour workday; and occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs.  Tr. 13, Finding 5.  Plaintiff was also limited to work that did not involve climbing ladders, ropes, or scaffolds.  *Id.*  In addition, plaintiff was limited "to occasional overhead reaching bilaterally and no continuous forceful gripping or twisting of objects."  *Id.*  In considering plaintiff's asthma, the ALJ added the restriction that plaintiff "may have no concentrated exposure to respiratory irritants."  *Id.* Finally, plaintiff was limited to short, routine tasks of a repetitive nature and only occasional public contact.  *Id.*  Plaintiff does not directly dispute her RFC assessment.

At step four, the ALJ determined that plaintiff was unable to perform her past relevant work. Tr. 18, Finding 6.  This finding is not in dispute.  Finally, at step five, the ALJ found that plaintiff could perform occupations existing in significant numbers in the local and national economy and, therefore, was not disabled under the Act.  Tr. 19, Finding 10.  Plaintiff does not explicitly challenge this finding; rather, plaintiff challenges the ALJ's findings regarding the severity of plaintiff's mental impairment and resulting functional limitations.  Mem. on Behalf of Pl. at 3.

**II. Plaintiff's Allegations of Error**

As a preliminary matter, it should be noted that plaintiff's opening brief is devoid of any pertinent facts regarding plaintiff's disability other than a reference to two doctors' opinions.  Nor is there any factual analysis of the record.  *See generally* Mem. on Behalf of Pl.  Plaintiff did not file a reply brief.  Plaintiff's only arguments are that the ALJ erred by: 1) improperly evaluating the severity of  her mental impairments and functional limitations; and 2) failing to fully develop the medical record.  *Id.* at 3-4.

**A. Step Two Findings**

Plaintiff asserts that the ALJ failed to properly evaluate her mental impairments according to the special technique outlined in 20 C.F.R. §§ 404.1520a, 416.920a.  *Id.*  Plaintiff, however, does not challenge the weight afforded to the medical evidence or the ALJ's credibility determination. *Id.*  At step two, the ALJ determines the medical severity of plaintiff's impairment  or combination of impairments; step two findings must be based upon medical evidence.   20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).   An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities."  20 C.F.R. §§ 404.1521(a); 416.921(a). The step two inquiry is a "threshold inquiry."  *Yuckert*, 482 U.S. at 153.  As such, "[o]missions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two."  *Harrison v. Astrue*, 2011 WL 2619504, *7 (D.Or. July 1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

The "effect of this harmless error doctrine is tempered by additional requirements," however, when a claimant asserts disability due to mental impairments.  *Id.; see also Maier v. Comm'r of Soc. Sec. Admin.*, 154 F.3d 913, 914-5 (9th Cir. 1990).  In that case, the ALJ is required

to "'document the application of the [Psychiatric Review Technique] in the decision.'" *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) (quoting 20 C.F.R. § 404.1520a(e)); *see also Dykstra v. Barnhart*, 94 Fed.Appx. 449, 450 (9th Cir. 2004) (unpublished decision). This technique is reflected in a Psychiatric Review Technique Form ("PRTF"), wherein the reviewer must: 1) "determine whether an applicant has a medically determinable mental impairment"; 2) "rate the degree of functional limitation for four functional areas"; and 3) "determine the severity of the mental impairment (in part based on the degree of functional limitation)." *Keyser*, 648 F.3d at 725 (citing 20 C.F.R. § 404.1520a). The four broad functional areas are: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). Accordingly, the ALJ's written opinion must "incorporate the pertinent findings and conclusions based on the technique" and "include a specific finding as to the degree of limitation in each of the functional areas." *Keyser,* 648 F.3d at 725 (citations and internal quotations omitted).

Failure to document the application of the technique in the opinion "requires reversal if the plaintiff had a 'colorable claim of a mental impairment.'" *Dykstra*, 94 Fed.Appx. at 450 (citing *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir.2000) (construing an earlier version of section 1520a)); *see also Keyser*, 648 F.3d at 726. A colorable claim "is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *Dykstra*, 94 Fed.Appx. at 450 (quoting *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 981 (9th Cir. 2002)); *see also Keyser*, 648 F.3d at 726-7.

At step two, the ALJ found that plaintiff had the following severe mental impairments: depression, PTSD, and panic disorder. Tr. 12. Plaintiff does not allege any further mental impairments that should have been included at step two. *See generally* Mem. on Behalf of Pl.

7 - FINDINGS AND RECOMMENDATION

Rather, plaintiff argues that the ALJ's findings failed to properly evaluate the extent of her mental impairments and the functional limitations arising out of those impairments. Specifically, plaintiff asserts that the ALJ erred by not fully adopting examining psychologist Dr. Trueblood's opinion regarding the degree of severity in each of the functional areas.

Here, the ALJ determined that plaintiff had mild limitations in the activities of daily living, moderate limitations in the area of social functioning, and moderate limitations with regard to concentration, persistence, or pace, with no episodes of decompensation. Tr. 12-3. In making these ratings, the ALJ considered the records of plaintiff's treating physicians and other treating sources, along with the opinions of examining and consulting physicians, such as Dr. Trueblood and State Disability Determination Services ("DDS") psychologist Dr. Anderson. Tr. 13-8.

Dr. Trueblood's examination was conducted in August 2007. Tr. 610. Dr. Trueblood opined that plaintiff's ability to understand and remember was moderately impaired. Tr. 615. He ranked plaintiff's ability to engage in social interactions and her adaptive skills as mildly impaired and her ability to "sustain attention/concentration and persist" as markedly impaired. *Id.* Dr. Trueblood, however, explained that plaintiff's physical condition impacted the results:

> I believe the main factor in impaired attention, concentration, and persistence is the patient's fatigue and I suspect this will gradually improve. If not for the impact of fatigue, I would rate ability to sustain attention/concentration and persist as moderately impaired and, again, believe this probably will continue to improve.

*Id.*

Five months later, Dr. Anderson conducted a consultive examination on behalf of DDS. Tr. 658. On her PRTF, Dr. Anderson rated plaintiff with moderate rather than marked difficulties in "maintaining attention, concentration, persistence or pace." Tr. 669. She also rated plaintiff as having no limitations in social functioning and only mild restrictions in the activities of daily living.

8 - FINDINGS AND RECOMMENDATION

*Id.* Dr. Anderson expressly addressed why her ratings diverged from Dr. Trueblood's, stating that, because plaintiff's fatigue had improved, her ability to maintain attention, concentration, persistence and pace was not as limited. Tr. 671. The ALJ adopted Dr. Anderson's finding in this category. Tr.18.

The reports of consultative physicians may serve as substantial evidence if they are supported by other evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ considered both doctors' opinions at length in his decision. Tr. 17-8. He also extensively discussed plaintiff's other treatment records. Tr. 14-8. The ALJ found that Dr. Anderson's opinion was more consistent with the other medical evidence, such as the opinions of Dr. Hadden, plaintiff's treating neurosurgeon, and Mr. Sewing, plaintiff's treating nurse practitioner. Accordingly, the ALJ afforded Dr. Anderson's opinion greater weight than Dr. Trueblood's. Tr. 16, 584, 683-691, 716. The ALJ did not err by adopting Dr. Anderson's assessment over Dr. Trueblood's.

In addition, the ALJ found that plaintiff had a more severe degree of impairment in social functioning than assessed by either Dr. Anderson or Dr. Trueblood. *Compare* Tr. 615 (Dr. Trueblood's opinion), *and* Tr. 669 (Dr. Anderson's opinion)*, with* Tr. 12 (ALJ's decision). Thus, the record reveals that, in determining the extent of plaintiff's impairments in the functional areas, the ALJ considered these "divergent opinions," including Dr. Trueblood's, and made his own decision after considering all of the evidence. Tr. 18.

As such, the ALJ satisfied the requirements of the special technique articulated in 20 C.F.R. §§ 404.1520a, 416.920a; he documented his ratings in each of the functional areas, provided reasoning for those ratings, and gave a detailed medical history in the decision. Tr. 14. The ALJ also referred to evidence from treatment records and examinations for each of his findings. Tr. 14-8.

9 - FINDINGS AND RECOMMENDATION

Therefore, I find that the ALJ's step two finding was based on substantial evidence and the proper legal standard and, as such, should be sustained. Because the ALJ did not err at step two, and plaintiff does not expressly assert any errors at subsequent steps of the sequential process, it is unnecessary for this Court to provide further analysis.

### B. Duty to Develop the Record

Plaintiff contends that the ALJ failed to fully develop the record. Mem. on Behalf of Pl. 4. In social security cases, the "ALJ is not a mere umpire"; as such, in certain limited circumstances, the ALJ has an independent duty to develop the record. *Higbee v. Sullivan*, 975 F.2d 558, 561-2 (9th Cir. 1992). The ALJ's duty to develop the record, however, is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001); *see also Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Here, the record contains mental health records from 2004 to 2007. Tr. 276-92. The ALJ noted that plaintiff had no mental health treatment between the alleged onset date and the time of the hearing. Tr. 17. Accordingly, because over two years had lapsed since plaintiff's last mental exam health evaluation, the ALJ ordered an additional neurological exam. Tr. 66-7. This exam was conducted by Dr. Bury in April 2009. Tr. 705-12. Plaintiff does not dispute the ALJ's analysis of Dr. Bury's report or the weight afforded to it. Mem. on Behalf of Pl. 1-3.

Moreover, in the time between the first hearing and the decision, the ALJ received additional treatment records from plaintiff's clinic, which reflected that plaintiff was walking and driving, and that her mental status was normal. Tr. 714-7. Plaintiff does not assert that any of her physical or mental health records are unclear or incomplete; she also does not assert that the ALJ

failed to include any records.  Therefore, because I find that the record is not inadequate or ambiguous, the ALJ's duty to develop the record was met in this case.

Further, the burden of establishing "that an error is harmful falls on the party attacking an administrative agency's decision." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).  Recently, the Ninth Circuit held that *Sanders* applies to social security cases, explaining, "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."  *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (as amended).  Plaintiff  neglected to address how the ALJ's alleged failure to more fully develop the record was harmful and it is not apparent to this Court.  *See* Mem. on Behalf of Pl. 4.  Rather, the most recent treatment notes indicate that plaintiff's mental impairments were being successfully treated with medication.  Tr. 283.  As such, plaintiff reported no depression despite going through a "distressing time."  Tr. 763.  Plaintiff 's testimony confirms that she felt much happier and that her medication was working better once she quit drinking.  Tr. 57-8.  In fact, the medication was so successful in alleviating plaintiff's allegedly disabling symptoms that she discontinued counseling for them in November 2006.  Tr. 283.  Thus, plaintiff failed to proffer any evidence of her disability or a continued need for treatment.  Accordingly, for this additional reason, plaintiff cannot establish that this case should be remanded for further proceedings.

## RECOMMENDATION

For the reasons stated above, the Commissioner's decision should be AFFIRMED and this case should be  DISMISSED.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due March 23, 2012. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 6th day of March, 2012.


  /s/ Patricia Sullivan
                                           Patricia Sullivan
                                           United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION